**THE LINDEN LAW GROUP, P.C.**
**5 Penn Plaza, 19th Floor**
**New York, New York 10001**
**(212) 655-9536**

October 30, 2026

**Via ECF**

Honorable James M. Wicks, USMJ
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Yehuda Adams v. Global Bridge Technologies, et al.*
Case No: 26-cv-04647 (JMW)
Request for Pre-Motion Conference, Motion to Dismiss by Defendants

Dear Judge Wicks:

This firm was retained by all Defendants, initially to *inter alia* contest the Court's jurisdiction. Under Individual Practice Rule 3.D.1, Defendants request a pre-motion conference on their anticipated motion to dismiss the Verified Complaint (ECF No. 3, "Compl.") under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and, as to Rood, Fiocco, and the LLC Defendants (the "Non-Resident Defendants"), under Rule 12(b)(2).[1]

**Background**

Plaintiff, a Nassau County resident, seeks unpaid compensation under a February 29, 2024 Employment Agreement (the "Agreement") with GBA, of Bethesda, Maryland. (Compl. ¶¶ 5, 27 & Ex. A.) He alleges that he performed a "substantial portion" of his duties in Maryland, that Rood is a Maryland citizen, and that Fiocco is a California citizen. (*Id.* ¶¶ 10–11, 30.)

**I. Lack of Personal Jurisdiction**

Plaintiff must make a prima facie jurisdictional showing through specific factual averments. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012).

[1] Defendants deny liability, do not consent to jurisdiction, and preserve all Rule 12(b) defenses.

An individual is "at home" in his domicile, and a business entity—including an LLC—where it is organized and has its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137, 139 (2014) (applying test to Mercedes-Benz USA, LLC). Neither individual is domiciled here, and no LLC Defendant is organized or headquartered here. Each LLC Defendant's state of organization and principal place of business is specifically not in New York.

Nor does CPLR 302(a) confer specific jurisdiction. Under § 302(a)(1), the Complaint identifies no New York transaction by any Non-Resident Defendant from which the claims arise—only payments and communications sent to Plaintiff's home. (Compl. ¶ 4.) But "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Sections 302(a)(2) and (a)(3) fail because no Defendant is alleged to have acted while physically in New York, *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28–29 (2d Cir. 1997), and the situs of injury is "the location of the original event which caused the injury, not the location where the resultant damages are felt." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001).

RICO's service provision, 18 U.S.C. § 1965(b), reaches additional defendants only where the "ends of justice" so require, and only after minimum-contacts jurisdiction is established over at least one defendant. *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71–72 (2d Cir. 1998). The ends of justice do not require haling non-residents here on a facially deficient RICO claim (Point II).

**II. The Complaint Fails to State a Claim**

*Contract and quasi-contract.* GBA is the only party to the Agreement. (Compl. ¶¶ 27, 131.) An agent signing for a disclosed principal is not a party, Restatement (Third) of Agency § 6.01 (2006), and no other Defendant signed. Conclusory allegations of domination (Compl. ¶¶ 91, 96–101) do not plausibly plead abuse of the corporate form to wrong Plaintiff. *Morris v. N.Y. State*

*Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 141–42 (1993). The unjust enrichment and promissory estoppel claims fail because an express contract governs the subject matter. *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388 (1987); *Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 96 (2000). The accounting claim alleges no fiduciary relationship.

*Fraud.* The alleged misrepresentations—that compensation would be paid, reconciled, and documented (Compl. ¶¶ 155–56)—restate contractual obligations and seek no special damages. *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 19–20 (2d Cir. 1996). The claim also lumps Defendants together, contrary to Rule 9(b). *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).

*Wage claims.* The Complaint identifies GBA as the employer (Compl. ¶ 27) and pleads the others' "employer" status in conclusory terms (*id.* ¶¶ 41, 120, 186), which is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*RICO.* The entity Defendants are pleaded only as enterprise members; Rood and Fiocco are the sole RICO "persons." (Compl. ¶¶ 207, 209.) A single-victim, inherently terminable scheme lacks the continuity required for a pattern. *GICC Capital Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 466–68 (2d Cir. 1995). The § 1962(d) claim falls with the substantive claim. *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 182 (2d Cir. 2004).

**III. No Independent Jurisdiction Over the State-Law Claims**

Once the RICO claims are dismissed, the Court should decline supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). Nor is diversity pleaded. (Compl. ¶ 2.) An LLC is a citizen of every state or foreign country of which any of its members is a citizen. *See Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (LLC "takes the citizenship of each of its

members"); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). Diversity is not pleaded where the complaint "contains no allegation as to the identity or citizenship of [the LLC's] members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). The Complaint identifies no member of GBA or Steel Wheelz, pleads their citizenship only "upon information and belief," and alleges merely that BLVD "may include no member who is a citizen of New York." (Compl. ¶¶ 7–9.)

**Relief Sought**

Defendants will seek an order (i) dismissing the Complaint as against the Non-Resident Defendants under Rule 12(b)(2); (ii) alternatively, and as against GBT, dismissing it under Rule 12(b)(6) (as to GBA, the Third through Sixth, Eighth, and Ninth Causes of Action); (iii) dismissing any remaining state-law claims under Rule 12(b)(1); and (iv) granting such other relief as is just.

This letter, along with the proposed briefing schedule attached as **Exhibit A** was sent to Plaintiff's counsel prior to its e-filing.

Counsel have conferred and agree to the Briefing Schedule of **Exhibit A** in its substance. However, Plaintiff's counsel objected to my inclusion of the non-served Defendants herein. This firm was indeed retained by all defendants to contest the threshold issues proposed in this motion. In good faith however, I am reaching out again to the non-served defendants as to the process service issue.

Respectfully submitted,

**THE LINDEN LAW GROUP, P.C.**

*Jeffrey Benjamin*

Jeffrey Benjamin, Esq.
Attorneys for Defendants